Hon. Basil A. Paterson Secretary of State Department of State
This is in response to your letter requesting an opinion whether the proscription against the use in corporate names of the words set forth in Business Corporation Law, § 301 (a) (5) is applicable to a foreign corporation which applies to your Department for a certificate of doing business as a foreign corporation in the State of New York, where the proscribed word involved can in no way be considered deceptive or misleading.
Your letter also asks whether Business Corporation Law, § 302 (b) (1), which excepts corporations "existing or authorized under any statute on the effective date of this chapter" from the proscription contained in section 301 (a) (5), is applicable to a foreign corporation now applying for a certificate of doing business in New York State. Your office has informed us that the foreign corporation which is the subject of your request was organized and in existence prior to September 1, 1963, the effective date of the Business Corporation Law (L 1962, ch 837, § 1).
Our courts have held that the proscription against use in a corporate name of the words listed in section 301 (a) (5) is "absolute and there is not * * * any requirement that the public be misled. * * * [T]hus in view of the unambiguous language of the statute, Special Term properly rejected as inappropriate such considerations as extrinsic memoranda directed toward construction of the statute * * * [and] application given to the statute prior to its adoption in its present form" (Mtr. GuentherPublishing Corp. v Lorenzo, 29 A.D.2d 708, 709 [3d Dept, 1968]; see also, People ex rel. Bank v Flynn, 231 App. Div. 763 [2d Dept, 1930], a case arising under the predecessor statute). Thus, irrespective of whether it is deceptive or misleading, a word proscribed by section 301 (a) (5) may not be used in a corporate name upon the application of either a domestic or foreign corporation.
However, Business Corporation Law, § 302 provides that the provisions of section 301 "[s]hall not require any corporation, existing or authorized under any statute on the effective date of this chapter, to add to, modify or otherwise change its corporate name" (§ 302 [b] [1]) and that "any reference to a corporation in this section * * * shall include both domestic and foreign corporations" (§ 302 [a]). Thus, it is clear from the face of section 302, read as a whole, that a foreign corporation, existing or authorized prior to September 1, 1963, and now applying for a certificate to do business in this State, is exempt from the proscription against use in its corporate name of those words set forth in section 301 (a) (5).